41442.   LANGLEY v. STONE.

SUBMITTED JULY 8, 1965—DECIDED SEPTEMBER 9, 1965.

*Paul C. Myers,* for plaintiff in error.

*Charles T. Bass,* contra.

FELTON, Chief Judge. 1. The answer and cross action set forth a good defense and grounds for cross action. In the absence of evidence conclusively disproving the facts alleged in the answer and cross action the allegations therein must be taken as true. *Cotton States Mutual Ins. Co. v. Martin,* 110 Ga. App. 309, 310 (138 SE2d 433).

2. Powers of sale must be fairly exercised. *Code · Ann.* §§ 37-607, 37-608. The fact that *Code Ann.* § 37-608 prohibits an action for a deficiency judgment unless a sale under power is confirmed by the superior court, irrespective of the difference in the value of the property and the balance due does ·not negative the right of an injured party to recover for the breach of duty on the part of one selling under a power of sale in such a case as this. An injured party could rescind the sale and tender the amount owed on the property or affirm the sale and sue for a breach of the duty to conduct the sale fairly. If the plaintiff's equity of redemption was all ·the assets he had, it would be impossible for him to tender the amount owed before he could get relief. In affirming the sale and suing for a breach of the said duty the defendant here would be entitled to recover the full difference between the fair market value of

the property at the time of the sale and his indebtedness to the seller if the fair market value exceeded the amount of the indebtedness. It was so specifically ruled in *Motor Contract Co. v. Johnson,* 61 Ga. App. 735 (7 SE2d 320). As is the case here, relief from having to pay the deficiency under the first loan note would not provide the defendant with a complete remedy. To deny him the right to the relief he here seeks would be to rob him of the use of the full value of his equity of redemption in the event the fair market value of the property exceeded the amount of the first loan or exceeded the amounts of both loans. The statement in *Sullivan v. Federal Farm Mortgage Corp.,* 62 Ga. App. 402, 406 (8 SE2d 126) that "[W]here the property is in fact worth more than the balance due on the debt, the debtor's damage is at least in the amount of the alleged balance due on the debt" does not require a ruling contrary to that we have made because that statement was made to fit the facts of that case where there was no effort to collect more than the balance due on the note involved in the sale under the power.

We have not been cited any authority or reason why the defendant in this case may not recover if he can prove the allegations of his answer and cross action.

Any other rule would be an open invitation to fraud in cases of second loans. The holder of first and second loans could sell under power in the first and fail or refuse to secure an order of confirmation and get the benefit of a foreclosure no matter how iniquitous, unfair and fraudulent insofar as a fair exercise of a power of sale is concerned.

The fact that the order of the superior court refusing to confirm the sale under power stated: "It having been stipulated in open court that said sale was conducted in form and manner according to law" does not preclude the defendant from showing that the sale was unfairly conducted. If the stipulation means what the plaintiff claims, it means, to wit, that if the sale was fairly made there would have been no occasion for the court to pass on the issue. It is obvious that the stipulation means simply that there were no technical defects in the sale as to advertisement, time when and place where made, etc. At

any rate the law of this case is that the sale was not fairly conducted.

3. The defendant contends that there was a merger of legal and equitable titles in the plaintiff. This contention is not meritorious because the two titles were never in the plaintiff at the same time.

The court erred in granting plaintiff's motion for summary judgment.

*Judgment reversed. Jordan and Deen, JJ., concur.*