42633. BUCKHEAD DOCTORS' BUILDING, INC. v. OXFORD FINANCE COMPANIES, INC. et al.

Argued March 6, 1967—Decided April 5, 1967.

*Moreton Rolleston, Jr.,* for appellant.

*Robert B. Harris, Nancy Pat Phillips, Sutherland, Asbill & Brennan, D. R. Cumming, Jr., W. Laurens Walker, J. Robert Coleman,* for appellees.

FELTON, Chief Judge. Even assuming the existence of a binding loan commitment to the plaintiff on the part of the appellee, the amended petition, properly construed, shows that the alleged cancellation of such commitment was not the proximate cause of the plaintiff's alleged damages.

"When considered on general demurrer . . . a petition must be construed most strongly against the pleader; in apply-

ing this rule the petition will be construed in the light of its omissions as well as its averments. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). The pleader's failure to allege essential facts and his reliance upon allegations that fall short of essential facts will be construed to import the absence of those facts. *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167, 170 (60 SE2d 353); *Sterling Materials Co. v. McKinley,* 218 Ga. 574 (1) (129 SE2d 770)." *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, 168 (144 SE2d 450). "If an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736).

Under Georgia law, the grantee-seller under power of sale in a security deed has a duty to sell the property at its fair market value. *Langley v. Stone,* 112 Ga. App. 237, 239 (2) (144 SE2d 627). In the absence of any allegation that the security deed under which the plaintiff's property was sold contained a provision relieving the grantee-bank of this duty, it must be assumed that the duty was incumbent on it. The allegations that the fair market value of the property at the time of its sale was $2,415,000, that the total amount of outstanding loans thereon was $1,300,000 and that the plaintiff's equity therein was $815,000, for which it sues, can be construed to mean only that the property was sold for at least $815,000 less than the alleged fair market value. So construed, the petition fails to state a cause of action against the appellee, since it shows that the proximate cause of the alleged loss of the plaintiff's equity was the grantee-bank's failure to conduct its foreclosure proceedings in accordance with the duty required of it under the law hereinabove stated, rather than any act or omission of the appellee-defendant.

Accordingly, the court did not err in its judgment sustaining the renewed general demurrer to the petition as amended.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*