## 49333. MURRAY v. HASTY.

EBERHARDT, Presiding Judge.

On August 7, 1971 Willie M. Murray purchased from B. A. Hasty a house and lot located on the Jonesboro Road in Fulton County, agreeing to make a down payment of $900.00 and to pay a balance of $13,000 with interest, in monthly payments, to be secured by a security deed on the property. Hasty agreed to take Murray's note for the $900 down payment, to mature November 5, 1971, but it was not referred to in and was not a part of the debt secured by the security deed. In connection with the transaction and the recording of the deeds, Hasty incurred and paid intangibles tax of $39, recording fees of $10, transfer tax of $13.90, and attorney fees of $40, or a total outlay of $102.90. Murray never moved into the house and never made a payment in any amount on the note given for the down payment or the secured debt. After passage of some five months and all amounts having matured being in default, Hasty elected to accelerate the secured debt and to foreclose the security deed as provided by statute. The foreclosure sale took place February 1, 1972, and Hasty purchased at the sale for $13,325. This was applied to the secured debt and the expenses of sale, exhausting the proceeds.

Hasty then brought suit against Murray on the note for $900 which had been given for the down payment and on which nothing had been received or paid, and sought a judgment for principal, interest and attorney fees, attaching a copy of the notice given to bind the debtor for payment of attorney fees, and which debtor admitted having received.

Debtor-defendant filed defensive pleadings, setting up as a bar to plaintiff's action his failure to apply for and obtain a confirmation of the foreclosure sale, and a lack of proof of any damage suffered by the plaintiff. Other defenses were filed but subsequently abandoned.

Plaintiff moved for summary judgment and from a grant of it defendant appeals. *Held:*

1. Code Ann. § 67-1503 provides that "When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or

other lien contracts, and at such sale said real estate does not bring the amount of *the debt secured by such deed,* mortgage or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon." (Emphasis supplied.)

By its terms the only debt secured by the deed to secure debt which was foreclosed was the note for $13,000, repayable in monthly instalments and with interest. While the bid of $13,325 may have left the creditor a little short when adding to the $13,000 principal the accrued interest and the expenses of sale, it was enough to cover *the debt secured.* The deed does not provide nor does the creditor contend that the $900 note for the down payment was any part of the debt secured. The deed described only the note for $13,000 as being secured and contains no "drag net" or "open end" provision. In this situation the amount received at the foreclosure sale was sufficient to relieve the creditor of the necessity for obtaining a confirmation of the sale.

If the $900 note had been described as a part of the debt secured we should be confronted with a different question. Further, if Murray had paid the down payment in cash instead of by promissory note, and he thereafter defaulted, as he did, in making payments on the deferred and secured obligation, as a result of which the foreclosure followed, can it be supposed that he could recover the down payment? We think not.

The present action is not to recover a *deficiency* judgment on the debt secured, but to recover on an independent, separate, unsecured obligation. It is not within the ambit of the statute requiring confirmation.

Appellant urges that the case of *Langley v. Stone,* 112 Ga. App. 237 (144 SE2d 627) requires a different result, but we do not agree. We have examined the record in that case. It appears that Southern Federal Savings and Loan Association held a security deed on the property from J. N. Cathcart. Cathcart sold his equity of redemption to Stanley M. Stone, expressly reciting in the deed of conveyance that it was made subject to the

security deed held by Southern Federal Savings and Loan. Stone sold the property to Raleigh O. Langley, and the deed of conveyance provided that "the grantee herein assumes and agrees to pay the loan secured by loan deed from J. N. Cathcart to Southern Federal Savings and Loan Association, dated August 26, 1959 and recorded in deed book 3493, page 122, Fulton County records." Contemporaneously Langley executed to Stone a security deed which recited that "this deed is executed and delivered subject to a first loan secured by loan deed from J. N. Cathcart to Southern Federal Savings and Loan Association, recorded in deed book 3493, page 122, Fulton County records." Thereafter Stone purchased from Southern Federal Savings and Loan Association the note and security deed, obtained a transfer and assignment to himself, and then, because of default, foreclosed it. Thus it is seen that the holder of both security deeds at the time of foreclosure was Stone; that Langley, in purchasing the property had specifically assumed and obligated himself to pay the debt secured by first deed held by Southern Federal and later transferred to Stone; and, of course he was obligated on the second security deed which he executed himself. The two debts, secured by the same property, held by the same creditor and with the assumption of the debt, are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other. If the whole of the property is exhausted in foreclosing the first there is still a secured debt for which the holder desired to obtain a deficiency judgment. He sought confirmation, but was denied it because the court concluded that the property had not been sold for fair market value.

The situation here is vastly different, and *Langley v. Stone,* supra, has no application.

2. A plaintiff who sues on a promissory note makes out a prima facie case when he introduces the note itself, absent a plea of non est factum. *Moore v. Southern Discount Co.,* 107 Ga. App. 868 (2) (132 SE2d 101). It is not available as a defense to the note here that Mr. Hasty, after having purchased the property at the foreclosure sale later sold it again to another for $15,370. We judicially know that the market in real estate fluctuates

and that we have been in a period of spiraling inflation. But whether we were in such an economy or not, the subsequent sale would not afford a defense since the note sued on was a separate and independent transaction from that which gave basis for the foreclosure. Would it make a difference if Mr. Hasty had simply retained the property, renting instead of selling it? We think not.

The trial court, finding that the defendant proffered no valid and available defense to the action, granted plaintiff's motion for summary judgment and we think it was correct.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED MAY 8, 1974 — DECIDED MAY 22, 1974.

*Kendric E. Smith,* for appellant.
*Fred W. Minter,* for appellee.