### 62447. KENNEDY et al. v. TRUST COMPANY BANK OF GWINNETT COUNTY.

CARLEY, Judge.

This is the second appearance of the instant case before this Court. The issue in *Kennedy v. Gwinnett Commercial Bank,* 155 Ga. App. 327 (270 SE2d 867) (1980) was whether the duty to conduct a foreclosure sale "fairly" pursuant to a power of sale includes the duty to obtain the "fair market value" of the property, the alleged breach of which gives rise to a claim for damages by the holder of the equity of redemption. In *Kennedy* we expressly overruled *Langley v. Stone,* 112 Ga. App. 237 (144 SE2d 627) (1965) and *Buckhead Doctors' Bldg. v. Oxford Fin. Cos.,* 115 Ga. App. 534 (154 SE2d 760) (1967) "insofar as they hold there to be such a duty and such a cause of action." *Kennedy,* 155 Ga. App. at 328, supra. The holding in *Kennedy* was that " '[i]t is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing

about the inadequacy of price that' the foreclosing party has breached his duty under the power of sale. [Cit.] . . . If the sale is conducted according to the terms of the deed and in good faith, alleged failure to obtain an 'adequate' price is not a sufficient basis upon which the debtor can base a claim for damages resulting from the exercise of that power." *Kennedy,* 155 Ga. App. at 331, supra. Application of the above stated legal principles to the facts of *Kennedy* resulted in the affirmance of the grant of summary judgment to the Bank, the foreclosing party, on appellant's claim for damages arising from the exercise of the power of sale.

The instant appeal is from the order of the trial court granting summary judgment to the Bank on the sole issue remaining in the case after *Kennedy* was decided to wit: the Bank's right to recover on its counterclaim against the appellants. Resolution of the propriety of the grant of summary judgment to the Bank on this issue does not require extensive recitation of the facts other than those appearing in *Kennedy,* 155 Ga. App. 331, supra. Suffice it to say that appellants were, as purchasers, the grantors of a second deed to secure debt and, as sellers, the grantees of a third deed to secure debt. Appellants obtained a loan from the Bank, evidenced by certain promissory notes and secured, not by a direct security deed executed by appellants, but by an assignment to the Bank of appellants' interest and rights in the third deed to secure debt on the property. Thereafter, appellants defaulted on the notes. The Bank, holding no better than an assignment of appellants' interest and rights in the third deed to secure debt and considering itself to be in a perilous collateral position, obtained an assignment of the first deed to secure debt on the property by paying the outstanding balance on the original purchase money note secured thereby. Subsequently, the debt secured by the first deed was declared in default and the Bank, pursuant to the power of sale contained in the first deed, foreclosed on the property. The Bank was the only bidder at the foreclosure sale and bid in the property for a sum equal to the full amount of principal, interest and attorney fees due under the first deed.

The Bank's counterclaim against appellants sought recovery on the notes secured by the assignment of appellants' rights and interest in the third deed to secure debt. The trial court granted summary judgment to the Bank. The issue on appeal, as enunciated by appellants, is "whether failure of the holder of a first note and security deed to apply for confirmation of a sale under power bars subsequent suit on a third note secured by a third deed on the same property."

The confirmation statute does not bar a subsequent action "to recover on an independent, separate, unsecured obligation. It is not

within the ambit of the statute requiring confirmation." *Murray v. Hasty,* 132 Ga. App. 125, 126 (207 SE2d 602) (1974). Appellants urge, in essence, that this rule does not attach where the debt being sued upon was originally secured by real property but which has become "unsecured" solely because of the actions of the creditor, as where he has foreclosed on the senior deed to secure debt. In short, appellants assert that where the creditor is the obligee of two debts, secured by senior and junior deeds to secure debt on the same property and the obligor on the junior debt has assumed and obligated himself on the senior debt, "[t]he two debts, secured by the same property, held by the same creditor and with the assumption of the debt, are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other." *Murray v. Hasty,* 132 Ga. App. at 127, supra. Thus, according to appellants, in such circumstances a subsequent suit to recover on the junior debt would be an action by the creditor to recover a deficiency judgment and would be barred unless the foreclosure sale on the senior deed to secure debt had been confirmed.

The authority for appellants' construction of the confirmation statute is *Langley v. Stone,* 112 Ga. App. 237, supra, as interpreted and distinguished in *Murray v. Hasty,* 132 Ga. App. 125, supra. It is appellants' argument that the debtors defensive "shield" of the creditors non-compliance with the confirmation statute remains a viable principle of law even after *Langley's* affirmative "sword" of a claim for damages was overruled in *Kennedy* supra. We need not decide in the instant case whether *Murray's* interpretation and distinguishing of *Langley,* supra, is precedent for the defensive "shield" appellants assert or whether, if so, it remains viable after *Kennedy* supra. Even assuming without deciding that a debtor has a viable confirmation statute defense under such circumstances as appellants suggest, the record in this case demonstrates that appellants do not come within the suggested circumstances.

By its terms, the confirmation statute bars an action to recover a deficiency judgment for debts secured by "security deeds, mortgages or other lien contracts." Code Ann. § 67-1503. Unlike *Langley v. Stone,* supra, the debts appellants are now being called upon to pay were not secured by a deed to secure debt in which appellants were the grantors and the Bank was the grantee. The only security for the notes was the assignment of appellants' rights and interests in the third deed to secure debt in which appellants were the grantees. This third security deed did not secure the debts appellants owed to the Bank. It merely secured the third purchasers' debt to appellants. Appellants were not "obligated" on the third security deed and, not "owing" the debt that the third security deed secured, they are not in

a position now to claim that the Bank's foreclosure on the senior deed without confirmation was tantamount to robbing them "of the use of the full value of [their] equity" to satisfy the debt that the third security deed secured. The effect of the Bank's foreclosure on the first deed was to cut off the third purchaser's equity of redemption and to vest legal and equitable title to the property in the Bank. Thus, unlike *Langley,* at the time the Bank foreclosed on the first deed, it did not hold appellants' security deed as security for the debts now being enforced against them. The effect of the foreclosure on the first deed, again unlike *Langley,* was essentially to leave the notes totally unsecured, there being no security deed on the property from appellants to secure their payment. Therefore, it seems clear that, unlike *Langley,* the Bank was not vested with title by "merger" of two security deeds on the same property and consequently the instant case is not a suit on a debt secured by the junior of two "merged" security deeds. As thus viewed, "[t]he present action is not to recover a *deficiency* judgment on the debt secured [by the first deed], but to recover on an independent, separate, unsecured obligation." *Murray,* 132 Ga. App. at 126, supra.

Furthermore, and perhaps more importantly, in *Langley* both debts held by the creditor and secured by the security deeds represented loans to the debtor to purchase the property itself. Thus the two debts represented purchase money loans and the security for both was the property purchased. When the creditor holds both purchase money security deeds and the debtor is obligated on both, it is not unreasonable to view a subsequent suit on the junior debt as an action to obtain a "deficiency" judgment for the amount of the entire purchase money debt that remained unpaid after foreclosure of the first deed. Such is not the case here, where appellants' consumer collateral notes do not represent loans for the purchase of property and are not secured by appellants' security deed to the Bank. The notes are totally outside the chain of purchase money security deeds on the property and are clearly unrelated to and independent of the purchase money debt secured by the first security deed foreclosed on. The only debt secured by the first deed was a purchase money debt and the sale under power pursuant to that deed, without confirmation, bars a subsequent suit by the Bank for any deficiency *on that debt.* The instant suit is for recovery on consumer collateral notes and cannot be deemed an action for a deficiency judgment as to the debt secured by the first deed. "The situation here [, being] vastly different, . . . *Langley v. Stone,* supra, has no application." *Murray,* 132 Ga. App. at 127, supra. The Bank was not erroneously granted summary judgment against appellants on the notes.

By way of summary, *Langley v. Stone,* 112 Ga. App. 237, supra,

has been overruled insofar as it afforded a debtor the affirmative "sword" of an action for damages for a creditor's breach of the duty to obtain the "fair market value" of property sold pursuant to a power of sale. *Kennedy,* 155 Ga. App. 327, supra. The issue of whether *Langley* was and continues to be viable precedent for the proposition that a debtor is afforded the defensive "shield" of the confirmation statute under such circumstances as existed in that case, must remain open until such time as we are presented with that issue in a case evidencing those circumstances. The instant appeal is not such a case.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*J. C. Rary, Robert P. Hoyt,* for appellants.
*Hughel Harrison,* for appellee.