A94A0455. GENERAL MOTORS ACCEPTANCE CORPORATION
v. NEWTON et al.
(444 SE2d 805)

JOHNSON, Judge.

Herb Newton owned and operated Freeway Buick-GMC Truck, Inc., formerly Freeway Buick, Inc., a motor vehicle dealership. General Motors Acceptance Corporation (GMAC) made two separate loans to Freeway Buick, Inc., one for the acquisition of business assets and the other for the acquisition of motor vehicle inventory. Freeway Buick, Inc., executed separate promissory notes and security agreements for each loan. Newton and his wife, Beverly Newton, personally guaranteed both of Freeway Buick, Inc.'s promissory notes. GMAC also made a real estate loan to the Newtons, who then leased the property to Freeway Buick, Inc. The Newtons executed a promissory note and a deed to secure debt on the real estate in favor of GMAC.[1] The Newtons' security deed and a cross-collateralization agreement executed by the parties provide that the real estate purchased by the Newtons secures not only the loan made to the Newtons, but also the loans made to Freeway Buick, Inc.

The Newtons defaulted on their real estate loan. GMAC foreclosed on and sold the property pursuant to the security deed executed by the Newtons. The superior court denied GMAC's application for confirmation of the foreclosure sale, finding that the property was sold for less than its fair market value. This court affirmed that finding. See Gen. Motors Acceptance Corp. v. Newton, 207 Ga. App. 700 (429 SE2d 120) (1993).

Freeway Buick, Inc., also defaulted on its loans. GMAC sold the

---

[1] NCNB originally made the real estate loan to the Newtons and the two separate loans to Freeway Buick, Inc. The Newtons and Freeway Buick, Inc. refinanced their property with GMAC, fully satisfying the loans made by NCNB.

business assets and motor vehicle inventory securing those loans. GMAC filed the instant lawsuit against Freeway Buick, Inc., and the Newtons, as personal guarantors, seeking payment of the balances still due under the business assets and inventory loans. GMAC and the Newtons filed cross-motions for summary judgment on the issue of whether GMAC's claim against the Newtons is a deficiency action barred by OCGA § 44-14-161. The trial court granted the Newtons' motion and denied GMAC's motion. Citing *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (395 SE2d 666) (1990), the court found that the real estate loan made to the Newtons and the two loans made to Freeway Buick, Inc., constitute a single debt. Consequently, the trial court concluded, GMAC's claim against the Newtons is a deficiency action which is barred by GMAC's failure to obtain confirmation of the foreclosure sale under the deed to secure debt and real estate note. GMAC appeals.

The trial court's ruling is erroneous. "The two notes at issue in *C. K. C., Inc.* were both purchase money promissory notes executed at the same time and secured by a single deed to secure debt on the property purchased. Thus, quoting *Murray v. Hasty*, 132 Ga. App. 125, 127 (1) (207 SE2d 602) (1974), this court concluded the two notes were inextricably intertwined and not independent of each other. Even though the purchase money loan had been broken into two separate notes, there was but one debt which was secured by one security deed." (Citation, punctuation and emphasis omitted.) *Clements v. Fleet Finance*, 206 Ga. App. 736, 737-738 (426 SE2d 910) (1992). Unlike *C. K. C., Inc.*, and contrary to the trial court's conclusion, the instant case does not involve a single loan to a single debtor broken into several separate notes. GMAC made one loan to the Newtons for the purchase of the real estate itself. There is no evidence that this real estate loan was somehow divided into three separate notes executed by the Newtons; rather, the other two loans were made to a completely different legal entity, Freeway Buick, Inc., which executed its own promissory notes and security agreements. Moreover, GMAC made the loans to Freeway Buick, Inc., for purposes distinct from the purchase of the real property, i.e., for the purchase of business assets and inventory.

Freeway Buick, Inc.'s debts are not the deficiency remaining from the foreclosure sale under the Newtons' security deed. Although GMAC is barred from recovering the deficiency owed under the Newtons' real estate note because of the lack of confirmation of the foreclosure sale, it is not barred from bringing this suit against the Newtons in their capacity as personal guarantors of the independent, separate obligations of Freeway Buick, Inc. The lack of confirmation merely had the effect of rendering Freeway Buick, Inc.'s debts, so far as they were secured by the real estate, unsecured obligations. See

*Devin Lamplighter v. American Gen. Finance,* 206 Ga. App. 747, 748 (1) (426 SE2d 645) (1992); *Kennedy v. Trust Co. Bank of Gwinnett County,* 160 Ga. App. 733 (288 SE2d 87) (1981). Because GMAC's action against the Newtons is not barred by OCGA § 44-14-161, the trial court erred in granting summary judgment to the Newtons and denying partial summary judgment to GMAC.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED JUNE 1, 1994 —

*McCullough & Payne, John G. McCullough, Michael D. Payne,* for appellant.

*Phears & Moldovan, H. Wayne Phears, Darrin R. Schutt,* for appellees.