A94A0306. TUFTS v. LEVIN et al.
(443 SE2d 681)

BEASLEY, Presiding Judge.

On April 26, 1991, Tufts entered into an agreement to sell a house to Bennett and her parents, the Levins, for $225,000. The sale of the property closed on October 15, 1991. In accordance with the purchase and sale agreement, Tufts conveyed the property to Bennett. Two notes were signed:

1. Bennett executed a 30-year purchase money note in favor of Tufts in the amount of $200,000, with a $3,690.36 accrued interest shortage resulting from lower interest payments during the first two years of the loan due and payable on October 15, 1994. This indebtedness was secured by a security deed referred to as the purchase money security deed.

2. The Levins executed a $25,000 balloon note in favor of Tufts, with a $25,000 principal balance, $7,500 in accrued interest, and $3,690.36 in deferred interest on the primary note, for a total of

$36,190.36, due and payable on October 14, 1994. This represented the down payment. To secure this indebtedness, Bennett executed a separate security deed in favor of Tufts.

Each note contained a cross-default clause stating that default by the borrowers under any term of one note and deed to secure debt would be a default on the other. The security deeds were recorded on the same date, the purchase money security deed first.

Bennett defaulted in making monthly payments under the purchase money note. On December 7, 1992, Tufts declared the balloon note due and payable by reason of default. On January 5, 1993, Tufts sold the property to herself at foreclosure under powers contained in the purchase money security deed. She bid in the property in satisfaction of the purchase money note, interest, attorney fees, and expenses of sale.

Tufts then sued the Levins on the balloon note. The parties filed cross-motions for summary judgment. The contested issue is whether Tufts' action is one for deficiency judgment, barred as a result of Tufts' failure to obtain judicial confirmation of the foreclosure sale. The trial court granted the Levins' motion and denied Tufts'.

The confirmation statute, OCGA § 44-14-161 (a), provides: "When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds . . . and at the sale the real estate does not bring *the amount of the debt secured by the deed* . . . , no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings" obtains a judicial confirmation. (Emphasis supplied.)

The question thus presented is whether the debt evidenced by the balloon note was "somehow included or includable in" the debt secured by the purchase money security deed. *Clements v. Fleet Finance*, 206 Ga. App. 736, 739 (426 SE2d 910) (1992) (Carley, P. J., concurring specially). Comparable cases give direction to the answer.

*Langley v. Stone*, 112 Ga. App. 237 (144 SE2d 627) (1965), involves the sale of real estate by Stone to Langley. Langley assumed a first loan deed from Cathcart to Southern Federal and executed a second loan deed and note to Stone. Stone subsequently became assignee of the first loan deed and sold the property under a power of sale in that deed. He bid in the property at an amount alleged by Langley to have been only one-third of its fair market value. After confirmation of the sale was denied, Stone sued Langley on the second note. We held that by reason of Stone's failure to obtain fair market value for the property, Langley had a claim for damages for failure to fairly exercise the power of sale in the loan deed. Id. at 239 (2).

*Murray v. Hasty*, 132 Ga. App. 125 (207 SE2d 602) (1974) involved Murray's purchase of a house from Hasty. Murray agreed to make a down payment of $900 and to pay the balance of $13,000 in

monthly payments to be secured by a security deed. Hasty took Murray's note for the $900 down payment, but it was not referred to in the security deed and was not part of the debt secured by it. Hasty later foreclosed the security deed and sued Murray on the note for $900, without having obtained confirmation of the foreclosure sale.

Our view was that "[t]he present action is not to recover a *deficiency* judgment on the debt secured, but to recover on an independent, separate, unsecured obligation. It is not within the ambit of the statute requiring confirmation." (Emphasis in original.) Id. at 126 (1). *Murray* distinguished *Langley* by stating that in *Langley*, "The two debts, secured by the same property, held by the same creditor and with the assumption of the debt, are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other." Id. at 127.

In *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (270 SE2d 867) (1980) (*Kennedy I*) and *Kennedy v. Trust Co. Bank of Gwinnett County*, 160 Ga. App. 733 (288 SE2d 87) (1981) (*Kennedy II*), appellants obtained a consumer bank loan secured by their assignment to the bank of their rights as grantees in a third security debt. After appellants defaulted on the loan, the bank obtained an assignment of the first security deed and foreclosed on the property in order to collect the debt secured by the first deed, thereby causing the debt secured by the third deed to become unsecured. The bank did not obtain confirmation but sued appellants on its loan to them.

In *Kennedy I*, we overruled *Langley* insofar as it held that failure to obtain fair market value of the property at the sale, standing alone, is a breach of the duty to fairly exercise the power of sale in the deed. 155 Ga. App. at 327 (1).

In *Kennedy II*, we held that *Kennedy*, like *Murray*, was an action to recover on an independent, separate, unsecured obligation not subject to the confirmation statute. 160 Ga. App. at 734-735. Unlike *Langley*, appellants' debts were not secured by a security deed in which they were the grantors and the bank was the grantee. At the time the bank foreclosed on the first deed, it did not hold appellants' security deed as security for the consumer loan. The effect of the foreclosure on the first deed, again unlike *Langley*, was essentially to leave the notes totally unsecured. We held, "it seems clear that, unlike *Langley*, the Bank was not vested with title by 'merger' of two security deeds on the same property and consequently the instant case is not a suit on a debt secured by the junior of two 'merged' security deeds. As thus viewed, '(t)he present action is not to recover a *deficiency* judgment on the debt secured (by the first [security] deed), but to recover on an independent, separate, unsecured obligation.' *Murray*, 132 Ga. App. at 126, supra." (Emphasis in original.) 160 Ga. App. at 736.

"Furthermore, and perhaps more importantly," the court in *Kennedy II* held, "in *Langley* both debts held by the creditor and secured by the security deeds represented loans to the debtor to purchase the property itself. Thus the two debts represented purchase money loans and the security for both was the property purchased. When the creditor holds both purchase money security deeds and the debtor is obligated on both, it is not unreasonable to view a subsequent suit on the junior debt as an action to obtain a 'deficiency' judgment for the amount of the entire purchase money debt that remained unpaid after foreclosure of the first deed. Such is not the case here, where appellants' consumer collateral notes do not represent loans for the purchase of property and are not secured by appellants' security deed to the Bank. The notes are totally outside the chain of purchase money security deeds on the property and are clearly unrelated to and independent of the purchase money debt secured by the first security deed foreclosed on. The only debt secured by the first deed was a purchase money debt and the sale under power pursuant to that deed, without confirmation, bars a subsequent suit by the Bank for any deficiency *on that debt*. The instant suit is for recovery on consumer collateral notes and cannot be deemed an action for a deficiency judgment as to the debt secured by the first deed." (Emphasis in original.) Id.

Both *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747 (1) (426 SE2d 645) (1992) and *Clements*, supra, involved separate debts evidenced by separate notes made at different times, to different creditors, for different collateral purposes. In each case, the junior creditor purchased the senior debt, foreclosed without obtaining confirmation, and then brought an action on the junior debt.

The lead opinion in *Clements* (a three-judge panel opinion) was premised on the fact that the debts were unrelated and not "inextricably intertwined." 206 Ga. App. at 738. The two-judge special concurrence was premised on the fact that there had been no merger of the debts secured by the separate security deeds. Id. at 739. All three judges agreed that foreclosure under the first security deed served to extinguish the second security deed and render the debt which had been secured thereunder an unsecured obligation, without extinguishing the debt. Id. at 738, 739-740. The court in *Devin* reached the same conclusion. 206 Ga. App. at 748.

One additional case bears comparison. In *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (395 SE2d 666) (1990), appellant purchased real estate from appellees and in return executed two separate promissory notes secured by one security deed on the property purchased. Appellant defaulted on both notes. Afterward, appellees advertised a foreclosure sale referencing only the larger note, conveyed the property to

themselves by a deed under power of sale which referenced the debt evidenced by both notes, and applied for a confirmation of the sale referencing the indebtedness evidenced by both notes. Confirmation was denied. In a subsequent suit on the lesser note, we reversed the denial of appellant's motion for summary judgment. Citing *Murray*, we held that " '[t]he two debts, secured by the same property, held by the same creditor . . . are owed by the same debtor and are inextricably intertwined. . . .' " 196 Ga. App. at 283 (2).

In the case now before us, there was one seller (Tufts) of one house to three purchasers (Bennett and the Levins), only one of whom (Bennett) obtained title. The $225,000 purchase money debt was evidenced by a $200,000 purchase money note between Bennett and Tufts and a $25,000 balloon note between the Levins and Tufts. Part of the money payable under the balloon note was deferred interest on the primary debt. Both notes were secured by security deeds from Bennett to Tufts. Each note contained a cross-default clause.

Not only were the debts "inextricably intertwined," but also "it seems clear that, [like] *Langley*, [Tufts] was . . . vested with title by 'merger' of two security deeds on the same property and consequently the instant case is . . . a suit on a debt secured by the junior of two 'merged' security deeds. As thus viewed, '(t)he present action is . . . to recover a *deficiency* judgment on the debt secured (by the first security deed), [and not] to recover on an independent, separate, unsecured obligation.' [Cit.]" (Emphasis in original.) *Kennedy II*, supra, 160 Ga. App. at 736.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED APRIL 18, 1994.

*Johnston & Marsh, Howard H. Johnston*, for appellant.
*Lefkoff, Duncan, Grimes, Dermer & Miller, Joseph Lefkoff, Kimberly A. Richardson*, for appellees.