**THIRD DIVISION**
**ELLINGTON, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 5, 2014**

# In the Court of Appeals of Georgia

A12A0619. REESE et al. v. PROVIDENT FUNDING ASSOCS., LLP.

MILLER, Judge.

In *Reese v. Provident Funding Assocs., LLP*, 317 Ga. App. 353 (730 SE2d 551) (2012), we reversed the grant of summary judgment to Provident on Izell and Raven Reese's wrongful foreclosure claim, finding that Provident's notice of foreclosure failed to comply with the requirements of OCGA § 44-14-162.2 in so far as the notice failed to properly identify the secured creditor. The Supreme Court of Georgia granted certiorari, and in *Provident Funding Assocs., LLP v. Reese*, 2013 Ga. LEXIS 466 (Case No. S12C2028, decided May 20, 2013), it vacated our decision and remanded with direction for this Court to consider this case in light of *You v. JP Morgan Chase Bank*, 293 Ga. 67 (743 SE2d 428) (2013). In *You*, the Supreme Court

held that the plain language of OCGA § 44-14-162.2 requires only that the notice of foreclosure identify "the individual or entity with full authority to negotiate, amend and modify all terms of the mortgage with the debtor." (Punctuation omitted.) *You*, supra, 293 Ga. at 67.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Campbell v. Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence, as more fully set out in our prior opinion, shows that the Reeses executed a promissory note (the "Note") in exchange for a $650,000 loan from Provident in order to purchase real property in Roswell, Georgia. The loan was secured by a deed conveying Provident and its nominee an interest in the property and a power of sale in the event of a default (the "Security Deed"). Provident subsequently sold and delivered the Note to Residential Funding Company, LLC, however, Provident remained as the loan servicer, retaining the right to collect

payments and perform all other mortgage loan servicing functions authorized by the Security Deed.

In January 2009, the Reeses defaulted on their loan. As a result, on February 13, 2009, Provident sent the Reeses a written notice of default as required by the terms of the Security Deed. The Reeses failed to cure their default within 30 days, and on June 3, 2009, Provident, through its attorneys, sent a letter notifying the Reeses that Provident was commencing foreclosure proceedings. Thereafter, on July 7, 2009, Provident held a non-judicial sale of the Reeses property and purchased the property as the sole bidder at the sale.

The Reeses subsequently sued Provident for wrongful foreclosure. The trial court granted summary judgment to Provident and denied the Reeses' cross-motion for summary judgment, finding that the Reeses could not sustain a claim for wrongful foreclosure, even though the notice of foreclosure did not include information on the secured creditor, because Provident's notice of foreclosure "was in keeping with OCGA § 44-14-162.2."

1. We now consider whether Provident, as the Reeses' loan servicer, had authority to negotiate, amend and modify all terms of their mortgage. We find that Provident did in fact have such authority.

OCGA § 44-14-162.2 requires that notice of the initiation of foreclosure proceedings must be provided to the debtor no later than 30 days before the date of the proposed foreclosure. That statute further provides that the notice "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." OCGA § 44-14-162.2 (a).

Contrary to the Reeses' contention, Provident complied with OCGA § 44-14-162.2 because Provident sent the Reeses a notice of foreclosure more than 30 days before the nonjudicial foreclosure sale and the notice specifically informed the Reeses that Provident had authority to negotiate, amend and modify all terms of their Note and Security Deed. See *You*, supra, 293 Ga. at 74-75 (2). Accordingly, the trial court did not err in finding that the foreclosure notice satisfied the requirements of OCGA § 44-14-162.2.

2. The Reeses also contend that the trial court erred in granting Provident's motion for summary judgment and in denying the Reeses' cross-motion for summary judgment on their wrongful foreclosure claim because Provident failed to comply with the terms of their Security Deed. This contention lacks merit.

4

When a power of sale in a security deed is exercised "all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." (Citation and punctuation omitted.) *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 330 (1) (270 SE2d 867) (1980); see also *Griffin Builders v. Synovus Bank*, 320 Ga. App. 307, 310 (1) (739 SE2d 760) (2013). A foreclosure sale may only be set aside in equity when "the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price." (Citation and punctuation omitted.) *Kennedy*, supra, 155 Ga. App. at 330 (1).

Here, the Reeses failed to state a claim for wrongful foreclosure. Notably, they did not allege that the power of sale provision in the Security Deed was ambiguous, that the Property was not advertised and sold according to the terms of the Security Deed, or that the price realized at the foreclosure sale was grossly inadequate. The Reeses also failed to state a claim for wrongful foreclosure based on the acceleration and remedies provision in the Security Deed, which required Provident to notify the Reeses, not less than 30 days prior to acceleration, of the right to reinstate their

mortgage after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

Contrary to the Reese's argument, the written notice sent to them on February 13, 2009, was sufficient because it substantially complied with the acceleration and remedies provision in the Security Deed. See *Dennard v. Freeport Minerals Co.*, 250 Ga. 330, 332 (1) (297 SE2d 222) (1982) (holding that general rule with respect to compliance with contract terms is substantial compliance, not strict compliance).

Here, the notice specifically stated that the Reeses had "the right to reinstate the loan after acceleration and the right to assert in the foreclosure proceeding, the non-existence of a default and any other defense you have to acceleration and foreclosure." Since this language substantially complied with the notice requirement in the Security Deed, the Reeses' wrongful foreclosure claim failed and the trial court properly granted summary judgment to Provident.

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*