24832. CARVER *v.* LEACH.

DECIDED MARCH 12, 1936. ADHERED TO ON REHEARING, MARCH 28, 1936.

*Astor Merritt,* for plaintiff in error. *R. H. Hutcheson,* contra.

STEPHENS, J. Mrs. L. M. Leach brought suit against W. C. Carver, to recover $200 as representing a portion of the recited consideration in a warranty deed which the plaintiff had given to the defendant, conveying certain described land, which sum it was alleged had not been paid. The deed, which was attached to the petition as an exhibit, recited that the land was sold for and in consideration of the sum of $200 paid by the defendant to the plaintiff and the further consideration of the assumption by the de-

fendant of a loan upon the property held by the Federal Land Bank, which loan was "approximately $1200." The defendant denied the indebtedness, and admitted that the sum sued for had not been paid. According to the testimony for the defendant, he bought the land, but the consideration was that he was to assume the loan of the Federal Land Bank, with the unpaid interest due thereon, and to pay all taxes and insurance against the property, and that the plaintiff was to have the rent of the land for the year; and after the execution of the deed he had paid on the Federal Land Bank loan, and taxes and insurance against the property, a sum sufficient to consume the $200 consideration recited in the deed. The items which it appears from the evidence the defendant paid consisted of $21 back taxes, $28.70 insurance, and $175.41 to the Federal Land Bank, leaving a balance of $1267.81 due to the bank. The plaintiff testified that the contract was that she was to receive $1500 as the purchase-price of the land, and that the agent making the sale was to receive $100 out of this as his commission. Her contention was that a part of this consideration was the assumption by the defendant of the Federal Land Bank loan of $1200, thus leaving a balance due to her of $300 in cash, out of which the broker was to receive $100, and the balance of $200 was represented by the $200 cash consideration recited in the deed. She testified that she had never received this $200; that she had paid the amount due on the fire insurance; that she did not owe any sum for taxes; that the broker had stated to her that he would pay the taxes himself, so that she did not owe the $28.70 item for fire insurance, and did not owe the $21 for taxes. Therefore, according to her testimony, she was entitled to $200 without any deduction for taxes or insurance.

The judge ruled that under the contract as represented by the deed, which was in writing and which was unambiguous, the defendant, as part of the consideration, had assumed the payment of the Federal Land Bank loan, whatever the amount might be, and had further agreed to pay the plaintiff the sum of $200. He excluded all evidence as to transactions between the defendant and the Federal Land Bank, including evidence of payments made by the defendant to the bank and statements from the bank as to the state of the loan, and the loan deed held by the bank. In his charge to the jury he limited the inquiry as to whether, under the

contract, the plaintiff was to receive anything in money as a part consideration for the sale of the land, or whether she was entitled to the $200 recited in the consideration, and, if she was entitled to the $200 consideration, whether it should be reduced by any payments made by the defendant for taxes or insurance. The jury found for the plaintiff $200. The defendant moved for a new trial on the general grounds and various special grounds.

Under a proper construction of the contract as expressed in the deed, the defendant was to assume the indebtedness due to the Federal Land Bank, provided it was approximately $1200. The indebtedness was approximately $1200. The judge did not err in so construing the contract, and did not err in excluding the evidence referred to, and in charging the jury accordingly. Code of 1933, §§ 20-704, 38-501; *Renfroe* v. *Alden,* 164 *Ga.* 77, 79 (137 S. E. 831); *Groover* v. *Simmons,* 152 *Ga.* 423 (2) (110 S. E. 179); *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217); *Lynchburg Shoe Co.* v. *Daniel,* 23 *Ga. App.* 186 (98 S. E. 107). Under the unambiguous contract as expressed in the deed which was in writing, the consideration for the purchase of the land was the assumption by the defendant of the loan of the Federal Land Bank and the payment to the plaintiff of $200. The evidence presents an issue as to whether the defendant was to pay, for the benefit of the plaintiff and as part of the consideration, all taxes and insurance against the property. Under the contention of the plaintiff she is entitled to the $200 without any deduction for taxes or insurance. Under the contention of the defendant the payment by him of the taxes and the insurance was part payment of the consideration for the sale of the land. If the defendant was entitled to apply the amounts paid in taxes and insurance towards the purchase-price, these amounts should be deducted from the $200 recited as part consideration in the deed. If he was not entitled so to apply them, he is not entitled to have the payment credited on the consideration recited in the deed. There being an issue of fact between the testimony of the plaintiff and that of the defendant as to the terms of the contract, the credibility of the defendant and his witnesses, in so far as their testimony relates to the nature of the contract, was a matter for the jury. Any conduct on the part of the judge which might have influenced the jury in determining the credibility of the defendant or his witnesses was

prejudicial error and demands the grant of a new trial. It appears that on the trial the judge, in the presence of the jury, made the following comments, in referring to the testimony of the defendant: "Well, the witness evades the questions. He ought to come square with the answers. A man ought to know what he is talking about. There is something about this that I don't understand. I want to get the truth of it. Wait a minute, this is a complicated affair. If Mr. Carver would not evade the questions so, we could get at it better. He knows what he paid, every dollar of it." Such statements amounted to expressions of opinion by the court as to the credibility of the witness, or as to the truth of his testimony and constituted error demanding a new trial. Code 1933, § 81-1104; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (8), 797 (48 S. E. 318) ; *Gillis* v. *Bowman,* 132 *Ga.* 762 (64 S. E. 1096) ; *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929). It is true that the judge, in his charge to the jury, told them that the statements he had made did not indicate that he had any opinion about the facts of the case, that he had no such opinion, and admonished the jury not to be influenced by any of the statements which he had made. This did not cure the error. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*