## 34710.  WILLIAMS v. JOEL.

330

Decided October 30, 1953—Rehearing denied November 18, 1953.

*O. J. Tolnas*, for plaintiff in error.

*Lipshutz, Macey & Franklin, Edward D. Wheeler*, contra.

GARDNER, P. J. ■ ■ Headnotes 1 and 2 require no elaboration.

■ Powers of sale in security deeds are to be strictly construed and fairly exercised. Code § 37-607; *Doyle* v. *Moultrie Banking Co.*, 163 *Ga.* 140 (135 S. E. 501); *White* v. *Young*, 122 *Ga.* 830 (51 S. E. 28). Under Code (Ann. Supp.) § 37-607 such powers of sale are assignable. The security deed under consideration, with the power therein contained, was assigned by the original grantee, Mrs. Rayle, to the defendant, Mrs. Joel, with the same formality of execution as the deed itself. Consequently, the power of sale therein contained was one which might properly be exercised by Mrs. Joel in the foreclosure proceedings. She thus succeeded to all rights of the original grantee, together with all remedies for enforcing the same. *Redwine* v. *Frizzell*, 184 *Ga.* 230 (2), 234 (190 S. E. 789); *Universal Chain Theatrical Ent.* v. *Oldknow*, 176 *Ga.* 492 (1) (168 S. E. 239).

In like manner Williams, when he accepted a warranty deed from the grantor Gill and entered thereunder, succeeded to all the rights and liabilities of Gill in regard to the latter's equity in the property. Code § 29-102. He was bound by all the conditions and covenants of the deed, including one as follows: "the party of the second part agrees to assume the note thereon amounting to $3,600 due Mary Rayle payable at the rate of 5%

of the principal amount due semi-annually plus interest." In *Carver* v. *Leach,* 53 *Ga. App.* 112 (1) (185 S. E. 155), it was held that "a consideration recited in a deed that the grantee is to pay to the grantor $200 and assume the payment of a loan due by the grantor to a bank, which loan is 'approximately $1,200' is unambiguous, and the grantee who has accepted the deed is liable to pay as part of the purchase price the amount of the loan, whatever it is, provided it is approximately $1,200." The plaintiff grantee, Williams, was accordingly liable to Mrs. Joel, assignee of the security deed which he assumed, for the amount of the indebtedness secured thereby, and was bound by the power of sale therein contained, which constituted the owner of such security deed the agent of the owner of the equity of redemption in the foreclosure proceedings. Accordingly, he cannot complain that Mrs. Joel, in foreclosing the first security deed, designated herself as the agent of the plaintiff, who was such owner.

■ Each security deed contained in the power of sale the authority to sell the property for the purpose of paying all past-due taxes or assessments. Also, the advertisement specifically set forth that the sale was to be held for the purpose, among others, "of payment of . . . all taxes that may be due." A person, therefore, appearing at the sale pursuant to this adver-tisement must have fully understood that the taxes were to be paid out of the purchase money and therefore did not lessen his bid so as to assume the taxes. This contention is without merit.

■ The ruling of the trial court sustaining certain special de-murrers to specified allegations of the petition, contending that the same constituted conclusions of the pleader, is without error, in that it rid the pleadings of improper conclusions and left for determination only the questions of law decided in divisions 3 and 4 hereof. The language of the court pointed out that "The court is of the opinion that the sale of the property, described in plaintiff's petition, by Mrs. Esther S. Joel (defendant) as agent and attorney in fact for Nathan C. Williams (plaintiff) con-veyed not only the equity of Nathan C. Williams (plaintiff) to the property, but conveyed title thereto." This language is not erroneous for the reason that title to the property passed to the purchaser at said sale. *Craddock-Terry Co.* v. *Lazarus,* 180 *Ga.* 552 (1) (179 S. E. 730).

The trial court did not err in directing a verdict in favor of the plaintiff for the amount specified therein.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*