42119. CITIZENS FEDERAL SAVINGS & LOAN ASSOCIATION v. ANDREWS.

SUBMITTED JULY 6, 1966—DECIDED JULY 13, 1966.

96

*Rogers, Magruder & Hoyt, Robert M. Brinson,* for appellant.
*John A. Frazier, Jr.,* for appellee.

DEEN, Judge. ■ *Code Ann.* § 67-1316 (Ga. L. 1958, p. 655) particularly provides as to open-end clauses contained in deeds to secure debt to real property which undertake to secure a subsequent indebtedness in addition to the debt therein named, that such clause is limited to other debts or obligations arising between the original parties to the security instrument. The security instrument here defines the term "first party" as meaning in addition to the grantor "the heirs, administrators, executors, successors or assigns of said party," and it is contended that since both the plaintiff and her husband have assumed the obligation, they are bound by the definition therein contained, with the result that when James Andrews borrowed money from the bank after having assumed the obligation of the instrument, he in turn became a "first party" so as to be bound by the dragnet clause, and that the plaintiff subsequently, when she also assumed and agreed to pay the debt in the divorce settlement agreement, was liable for the latter debt as a part of the secured transaction. Such an interpretation would be to nullify the statute for all practical purposes. The term "original parties" means the signatories to the original agreement, and means both or all of them. It does not mean those in privity with the original contractors, and the fact that each of two parties purchases separately from a common grantor does not of itself place them in privity with each other. *Hilton v. Hilton,* 202 Ga. 53 (1, 2) (41 SE2d 880). The fact that the same mortgagee lent money both to the original mortgagor and his grantee, therefore, does not make the case any stronger than if the second transaction had been with a third party or an assignee of the mortgagee loan association. The

parties contracted in regard to existing law and it was not in their power by redefining the term "first party" to nullify its provisions in such manner as to affect the rights or liabilities of future takers.

◼ It is also contended that the second loan is secured by the security instrument under the provisions of *Code Ann.* § 67-1317: "A real estate mortgage or deed conveying realty as security for a debt which contains provisions that it secures advances made to . . . repair, maintain or preserve the property or to complete improvements on the property shall secure any such advances made by any owner of the mortgages or deed to secure debt, whether the property is still owned by the original mortgagor or grantor or owned by a subsequent purchaser of such property. . ." Indubitably, this loan contains no such provisions, although it has the usual covenants that party of the first part will pay taxes, assessments, and liens against the property as they become due. The signature loan obtained by the plaintiff's husband was unrecorded and does not appear to have been a lien against the land. The fact that the borrower obtained it under false promises to use it for home improvement purposes, unknown to the plaintiff, and that the lender in fact thought it would be so used is unavailing where the loan deed itself did not specify that it was made to secure future advances for the repair, maintenance, preservation or improvement of the property.

◼ It is possible that if this action were between James Andrews and the bank a different result might be reached. Andrews, when he purchased the property from the original mortgagor, agreed as a part of the consideration for the sale to be bound by all the terms and conditions of the deed to secure debt. However, assuming that such an agreement would work an estoppel against him, in an action by the lender, to contest the terms of the agreement purporting to make the open-end clause of the instrument applicable to assignees of the original mortgagor, such an estoppel would not be operative against the plaintiff, who received the property in the divorce settlement without knowledge, so far as the record shows, of this agreement between James and Calvin Andrews, and who is therefore in the position of a bona fide purchaser without notice as to it and would not

◼

be bound by an estoppel in pais on the part of her husband. *Coursey v. Coursey*, 141 Ga. 65 (80 SE 462).

    *Judgment affirmed. Nichols, P. J., and Hall, J., concur.*