*James G. Maddox,* for appellees.

### 39913. MASON et al. v. BATES.

MARSHALL, Presiding Justice.

The question for decision in this case is whether advances made by the assignee of a junior security deed to the holder of a senior security deed, in order to protect the assignee's secured position, are secured by the junior security deed.

In this case, Bobby Gene Mason owned certain real estate in DeKalb County. Kislak Corporation held a first security deed on the property, and C & S DeKalb Bank held a second security deed. Kislak declared Mason to be in default and began foreclosing on the property by exercising a power of sale contained in its security deed. C & S assigned its security deed to Marjorie Bates, and she advanced monies to Kislak to cure the default in the payments on the note executed in connection with Kislak's security deed.

Jeanie Sue Mason has been awarded the subject property as year's support. In this proceeding by Mrs. Mason to enjoin Mrs. Bates from foreclosing her security deed, Mason argues that the monies advanced by Bates to Kislak are not secured by the security deed held by Bates. Mason's argument is based on OCGA § 44-14-1 (b) (Code Ann. § 67-1316), which provides: "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt, which clauses provide that, in addition to securing the debt named or described in the instrument, such instruments or the property thereby conveyed shall also secure any other debt or obligation that may be or become owing by the mortgagor or grantor, is limited to other debts or obligations arising ex contractu, as distinguished from those arising ex delicto, between the original parties to the security instrument." See *Bowen v. Kicklighter,* 124 Ga. App. 82 (2) (183 SE2d 10) (1971); *Citizens Fed. Sav. &c. Assn. v. Andrews,* 114 Ga. App. 94 (1) (150 SE2d 301) (1966).

However, as argued by Bates and as held by the superior court, Bates is not seeking enforcement of an "open-end" or "dragnet" clause in order to secure advancements made by her to the security deed grantor. Rather, she is seeking enforcement of a clause in her security deed subrogating the holder thereof to the rights of other persons to whom the holder may have paid monies for the benefit of the security deed grantor. The advances made by Bates are secured by virtue of this clause; and they are also secured, even in the absence of such a clause, by reason of OCGA § 44-14-2 (a) (3) (Code Ann. §

67-1317), which provides in pertintent part: "Whether or not it contains clauses providing therefor, a real estate mortgage or deed conveying realty as security for a debt shall secure advances made . . . [t]o pay sums due to the holder of a deed to secure debt or lien on the property without which payment the secured position of the holder of the mortgage or deed to secure debt advancing such payment would be jeopardized; . . . whether such advances were made by the original owner or by any subsequent owner of the mortgage or deed to secure debt and whether the property is still owned by the original mortgagor or grantor or is owned by a subsequent purchaser of such property."

The superior court did not err in entering judgment in favor of Bates.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1983.

*Crecelius & Crecelius, B. W. Crecelius, Jr., Hugh M. Dorsey III,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, E. Kendrick Smith,* for appellee.