72689. BREITZMAN v. HERITAGE BANK.
(348 SE2d 713)

CARLEY, Judge.
Appellee-Heritage Bank (Bank) brought suit to recover on a promissory note that appellant-Breitzman had signed in the capacity of indorser. Appellant answered, denying the material allegations of the complaint and raising several defenses. After discovery, the Bank moved for and was granted summary judgment in its favor. Appellant appeals from the trial court's order, contending that genuine issues of material fact remain with regard to his defenses as to liability on the note.

Construing the evidence most strongly in favor of appellant, the relevant facts are as follows: The Bank held the first deed to secure debt on the residence of Mr. Ken Fraser. In October of 1983, Mr. Fraser sought another loan from the Bank for the purpose of obtaining "operating capital for Mill Energy Co." On October 6, 1983, Mr. Fraser, as maker, executed a promissory note in favor of the Bank. The note contained the following provision: "[T]he Borrower hereby grants to Bank a security interest in the following described property: *Endorser* and in any other property of Borrower of any nature whatsoever, now or hereafter in the possession of or assigned or hypothecated to Bank for any purpose, or in which Bank has a security interest. . . ." The word "Endorser" has been written in a blank space. The signature of appellant appears on this note, beside which signature appears the handwritten notation: "Endorser." Mr. Fraser did not pay the note when it became due, and he subsequently filed for bankruptcy. When Mr. Fraser defaulted on the note secured by his residence, the Bank exercised the power of sale under the deed to secure debt. The Bank was the purchaser of the property at the foreclosure sale, but did not seek to have its sale of the property judicially confirmed. The Bank subsequently brought the instant action against appellant as the indorser of the note of October 6, 1983.

Appellant's defenses to liability on the note are solely predicated upon the Bank's foreclosure sale of Mr. Fraser's residence. Citing *Reeves v. Habersham Bank*, 254 Ga. 615 (331 SE2d 589) (1985), appellant contends that, under the above-quoted language of the note that he indorsed, it was "cross-collateralized" with all Mr. Fraser's

other property in which the Bank had a security interest, including the residence. Appellant urges that, applying the rationale of *Reeves*, genuine issues of material fact remain as to the sufficiency of the notice that he received as to the foreclosure sale of the realty, as well as with regard to the adequacy of the amount for which the realty was sold.

Reliance on *Reeves*, supra, is misplaced as to the foreclosure sale of Mr. Fraser's realty under power of sale. The statute at issue in *Reeves* was OCGA § 11-9-504 (3). That statute is a provision of OCGA § 11-9-101 et seq., which comprises the Secured Transactions Article of our Uniform Commercial Code. Nothing in that Secured Transaction Article applies "to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder, whether or not such interest, lien, lease or the like amounts to an 'estate or interest in real estate' as the same is presently defined under Georgia law. . . ." OCGA § 11-9-104 (h). See also OCGA § 11-9-501 (4). Since OCGA § 11-9-504 (3) is itself inapplicable under the facts of the instant case, *Reeves* is not controlling authority.

The applicable statutory provisions with regard to the foreclosure of realty under a power of sale are OCGA § 44-14-160 et seq. Under those provisions, only Mr. Fraser was entitled to receive any notice of the initiation of foreclosure proceedings *other* than by advertisement. See OCGA §§ 44-14-162; 44-14-162.1; 44-14-162.2. Compare *Branan v. Equico Lessors*, 255 Ga. 718 (342 SE2d 671) (1986) (holding that, as to a foreclosure sale governed by OCGA § 11-9-504 (3), the guarantor of the underlying indebtedness is entitled to and cannot waive notice of the disposition of the collateral). Likewise, any issue concerning the amount that the realty may have brought on foreclosure under power of sale is irrelevant, unless the secured party is seeking judicial confirmation so as to obtain a deficiency judgment. OCGA § 44-14-161 (b). In the instant case, the Bank does not seek a deficiency as to the debt secured by the realty. It seeks to recover on a separate note that appellant signed as the indorser thereof. Accordingly, the fact that the Bank did not seek to have the sale of the realty confirmed is irrelevant to appellant's liability. See *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 75 (1) (237 SE2d 622) (1977). It follows that the trial court did not err in granting summary judgment in favor of the Bank.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*David S. Walker, Jr.*, for appellant.
*J. Patrick O'Brien, Betty H. Morris*, for appellee.