A92A0780. CLEMENTS et al. v. FLEET FINANCE, INC.
(426 SE2d 910)

POPE, Judge.

Plaintiff/appellee Fleet Finance, Inc. filed an action against defendants/appellants Michael Clements and Mrs. Joseph M. Clements to collect on a promissory note in the sum of $103,682.36 which was partially secured by second mortgages on two lots in a Coweta County development known as Hamilton Plantation and by the personal guaranty of both defendants. Summary judgment was granted to plaintiff, and defendants appeal. Before this action was commenced, the lots which secured the note had already been sold by plaintiff pursuant to the power-of-sale clause contained in the first mortgage on the lots which was held by plaintiff. The sole issue on appeal is whether plaintiff was barred from suing on the note because the action is, in effect, an attempt to collect a deficiency judgment without obtaining a judicial confirmation of the prior sale of the property.

The facts of the case involve several different secured transactions. First, in 1986, defendant Michael Clements executed a purchase money promissory note and security deed in favor of First Georgia Savings Bank ("First Georgia") in the amount of $402,000 in regard to a parcel of land on Sea Island, Georgia. In 1987, Mr. Clements obtained a commercial loan from First Georgia in the amount of

$112,650 in exchange for which he executed a security deed on each of two lots in a development known as Hamilton Plantation. In March 1989, Mr. Clements executed the promissory note at issue in this appeal, borrowing $103,682.36 from plaintiff to pay off the arrearage on the mortgage to First Georgia on the Sea Island Property. As set forth above, the note was secured by second mortgages on the Hamilton Plantation lots as well as defendants' personal guarantees.

Mr. Clements apparently again fell into arrears on his notes to First Georgia and plaintiff was concerned about its collateral position as the second mortgagee of the Hamilton Plantation lots. Thus, on September 29, 1989, plaintiff cured the default on the notes to First Georgia (the purchase money promissory note on the Sea Island property and the 1987 commercial loan) and took an assignment of the bank's interest in the Sea Island property and the first mortgages on the Hamilton Plantation lots which secured the notes. Consequently, plaintiff held both a first and second priority position on the Hamilton Plantation lots. Plaintiff then initiated foreclosure under the power of sale provision in the first priority security deeds on the lots assigned to plaintiff by First Georgia. Thereafter, the suit at issue in this appeal was filed to collect on the note secured by the second priority security deeds on the lots.

Citing *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (2) (395 SE2d 666) (1990), defendants argue that a lender who holds two notes secured by the same property and forecloses on one note without confirming the foreclosure sale pursuant to OCGA § 44-14-161 is barred from suing on the other note because such a suit constitutes the pursuit of a deficiency judgment which cannot be obtained absent judicial confirmation. The confirmation requirement of OCGA § 44-14-161 does not apply to the case at hand, however, and the facts of *C. K. C., Inc.* are materially distinguishable.

Pursuant to the terms of OCGA § 44-14-161 (a), when a creditor sells real estate pursuant to the foreclosure powers contained in the security deed, confirmation of the sale is required to obtain a deficiency judgment when the sale "does not bring the amount of *the debt secured by the deed.* . . ." In the case at hand, plaintiff is not seeking a deficiency judgment on the debt secured by the first deeds to secure debt pursuant to which the foreclosure sale was conducted. Instead, plaintiff seeks to collect on a totally separate debt, i.e., the note secured by the second priority security deeds. Thus, confirmation of the foreclosure sale is not required in order to collect on the note at issue in this case.

The two notes at issue in *C. K. C., Inc.* were both purchase money promissory notes executed at the same time and secured by a single deed to secure debt on the property purchased. Thus, quoting *Murray v. Hasty*, 132 Ga. App. 125, 127 (1) (207 SE2d 602) (1974),

this court concluded the two notes were " 'inextricably intertwined' " and " 'not independent of each other. . . .' " *C. K. C., Inc.*, 196 Ga. App. at 283. Even though the purchase money loan had been broken into two separate notes, there was but *one* debt which was secured by *one* security deed. In the case now before us, however, in regard to each of the two lots, there are *two* separate debts evidenced by *two* separate notes and secured by *two* separate security deeds. The notes were made at different times, to different creditors and for different collateral purposes. The debt secured by the first priority security deeds granted to the bank, and later assigned to the plaintiff, was unrelated to the debt secured by the second priority security deeds granted directly to the plaintiff. Thus, the instant suit to recover on the debt secured by the second security deeds is unrelated to the debt which was secured by the first security deeds which were foreclosed upon and the suit "cannot be deemed an action for a deficiency judgment as to the debt secured by the first deed." *Kennedy v. Trust Co. Bank*, 160 Ga. App. 733, 736 (288 SE2d 87) (1981).

"Black's Law Dictionary defines *deficiency* as 'that part of a debt secured by mortgage not realized from sale of mortgaged property,' . . . ." *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1 (2) (147 SE2d 31) (1966). The debt at issue in this case is not the deficiency remaining from the foreclosure sale on the first deeds to secure debt but is a totally separate debt. Foreclosure under the first security deeds served to extinguish the second security deeds and to render the debt which had been secured thereunder an *unsecured* obligation. Nevertheless, foreclosure under the first security deeds did not extinguish the *debt* which was secured by the second security deeds. "The note sued upon is a separate transaction from that which was the basis for foreclosure, is not within the prohibition of [OCGA § 44-14-161], and [plaintiff Fleet Finance, Inc.] was not barred from bringing action thereon." *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 77 (1) (237 SE2d 622) (1977).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur specially.*

CARLEY, Presiding Judge, concurring specially.

I concur in the majority's affirmance of the grant of summary judgment in favor of appellee-plaintiff. However, my analysis of the instant case differs somewhat from that advanced by the majority. Accordingly, I must concur specially.

OCGA § 44-14-161 (a) provides, in relevant part, as follows: "When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds . . . and at the sale the real estate does not bring the amount of *the debt secured by the deed* . . . , no action may be taken to obtain a deficiency judgment

unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale . . . for confirmation and approval and shall obtain an order of confirmation and approval thereon." (Emphasis supplied.) Accordingly, unless the "debt" which was secured by the second security deed was somehow included or includable in the "debt" which was secured by the first security deed, appellee's failure to obtain confirmation of the foreclosure sale under the first security deed would not provide appellant-defendants with a defense to appellee's instant action on the note evidencing the "debt" secured by the second security deed. "The confirmation statute does not bar a subsequent action 'to recover on an independent, separate, unsecured obligation. It is not within the ambit of the statute requiring confirmation.' [Cit.]" *Kennedy v. Trust Co. Bank of Gwinnett County*, 160 Ga. App. 733, 734-735 (288 SE2d 87) (1981).

As the majority notes, in *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (395 SE2d 666) (1990), there was but *one* purchase money debt, evidenced by *two* separate notes and secured by *one* security deed. Under those circumstances, it is clear that foreclosure under the *one* security deed would encompass the *one* debt, notwithstanding that that debt had been evidenced by *two* separate notes.

As the majority also notes, in the instant case, however, there are *two* separate debts, evidenced by *two* separate notes and secured by *two* separate security deeds. Appellee was owed not only the debt secured by the second security deed, but, by assignment, was also owed the debt secured by the first security deed. By virtue of this assignment, the two *debts* owed to appellee did not merge. See *Williams v. Joel*, 89 Ga. App. 329 (3) (79 SE2d 401) (1953). In the instant case, the first security deed did contain an "open-end" dragnet clause. However, that clause would not operate to merge the debt secured by the second security deed into the debt secured by the first security deed. Pursuant to OCGA § 44-14-1, the operation of that clause is limited to debts arising between the "original parties" to the first security deed and appellee was not an original party thereto, but held that first security deed by assignment. See *Citizens Fed. S. & L. Assn. v. Andrews*, 114 Ga. App. 94, 96 (1) (150 SE2d 301) (1966).

Since appellants were in default on both notes, appellee, as the holder of both the first and second security deeds, was entitled to institute foreclosure under either the first security deed, the second security deed, or both. Pindar, Ga. Real Estate Law, § 21-74 (3d ed. 1986). Appellee instituted foreclosure only under the first security deed. By foreclosing under the first security deed and failing to confirm, appellee is now barred from seeking a deficiency judgment as to the debt which had been secured by that first security deed. Foreclosure under the first security deed would also serve to extinguish the *second security deed* and to render the debt which had been secured

thereunder an *unsecured* obligation, but foreclosure under the first security deed would not serve to extinguish the *debt* which had been secured by that second security deed. Failure to confirm foreclosure under the first security deed would not bar appellee from suing appellants on that independent, separate, unsecured obligation which had formally been secured under the second security deed.

I am authorized to state that Judge Johnson joins in this special concurrence.

DECIDED DECEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Schreeder, Wheeler & Flint, David Flint, Alexander J. Simmons, Jr.*, for appellants.
*Tomlinson & Dennison, Jeffrey R. Joyce*, for appellee.