**In re Deborah C. CUMMINGS, Debtor.**

**Deborah C. CUMMINGS, Plaintiff,**

**v.**

**Knute A. ANDERSON, Defendant.**

**Bankruptcy No. A92–68601–SWC.
Adv. No. 92–6537.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 31, 1994.

As Corrected Nov. 14, 1994.

Ronald Brizant Stewart, Atlanta, GA, for debtor/plaintiff.

David G. Crockett, P.C., Atlanta, GA, for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is plaintiff Deborah C. Cummings' complaint to set aside foreclosure of real property by defendant Knute A. Anderson ("Anderson") and to avoid the deed under power. The complaint came on for trial and both plaintiff and defendant were present and represented by counsel. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (H). The court's findings of fact and conclusions of law are as follows.

## FACTS

On or about July 29, 1983, John Henry Cummings borrowed $12,099.50 from Tower Financial Services, Inc., evidenced by a promissory note and secured by a deed to secure debt on real property located at 2869 Darrah Drive, S.W. Atlanta, Fulton County, Georgia. Thereafter, the note and security

deed were transferred and assigned to Fleet Finance, Inc., of Georgia ("Fleet"). Although plaintiff was married to John Henry Cummings at the time of the loan, she owned no interest in the property and did not sign the note or the security deed.

On February 12, 1992, Fleet accelerated the loan as a result of a default in payments, giving notice to John Henry Cummings at 2869 Darrah Drive, S.W. Atlanta, Fulton County, Georgia. Fleet advertised the subject property for foreclosure on April 7, 1992. Plaintiff Exhibit "4". On March 18, 1992, a copy of the newspaper notice was sent certified mail by Fleet's attorneys to John Henry Cummings at the property address. Plaintiff was not given notice of the Fleet foreclosure except through the newspaper advertisement.

On March 16, 1992, plaintiff was awarded the 2869 Darrah Drive property in a divorce proceeding by the Superior Court of Fulton County. Plaintiff did not file a *lis pendens* and did not give Fleet notice of the pending divorce or of its outcome. However, the divorce decree was recorded on the land deed records of Fulton County, Georgia.

Defendant Anderson attended the Fleet foreclosure. At or about 12:50 p.m. on April 7, 1992, prior to a foreclosure sale, Fred A. Hasty, as attorney for Fleet, and Anderson executed a handwritten document by which Fleet agreed to assign its interest in the Cummings' deed to secure debt. Plaintiff Exhibit "3". Anderson paid $8,559.93 to Fleet's attorney. Anderson then left the courthouse, contacted attorney Sanford McCalla, and instructed him to conduct a foreclosure of the subject property.

McCalla testified that pursuant to Plaintiff Exhibit "3" and Anderson's instructions, he travelled to the courthouse for Fulton Superior Court and at 2:01 p.m. on April 7, 1992, conducted a foreclosure sale on behalf of Anderson as assignee.[1] No evidence was presented to show any notice or advertisement by defendant Anderson or his attorney. At the foreclosure sale, McCalla testified that he made an $8,560 bid on behalf of Anderson. There were no other bids. A foreclosure deed under power of sale was subsequently executed and recorded on the land deed records in Fulton County, Georgia on May 18, 1992.

On May 19, 1992, plaintiff filed her Chapter 13 petition. Her schedules reflect solvency at all pertinent times, even after the foreclosure. She scheduled assets of $111,645 and liabilities of $25,036. Plaintiff testified at trial that her schedules were true and correct. Further, plaintiff's assets include the subject property which is plaintiff's residence in which she has continuously resided since 1983 and claims title based upon an award in the final divorce decree. Plaintiff's adversary complaint seeks to avoid defendant's foreclosure sale as a fraudulent conveyance under 11 U.S.C. § 548(a)(2) and for failure to comply with Georgia foreclosure law.

### DISCUSSION

■ Plaintiff seeks to avoid Anderson's foreclosure sale of her property under 11 U.S.C. § 548(a)(2) and *Durrett v. Washington Nat'l Ins. Co.*, 621 F.2d 201 (5th Cir. 1980). However, the Supreme Court in *BFP v. Resolution Trust Corp.*, —— U.S. ——, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), has overruled the *Durrett* line of cases. The Supreme Court held that in the foreclosure of real property the "reasonably equivalent value" is the actual price paid at the foreclosure sale, if the state foreclosure law requirements have been complied with. In the present case, plaintiff has failed to carry her burden of proof to establish a fraudulent conveyance under § 548(a)(2).

■ This does not end the inquiry, however, since the sale may be avoided if defendant has not complied with state law. *BFP*, —— U.S. at ——, 114 S.Ct. at 1765. In the

---

**1.** The foreclosure sale was subject to liens and encumbrances as follows: (1) the first mortgage loan held by Alliance Mortgage Company of approximately $13,000; (2) a second mortgage held by Fleet and assigned to Anderson of $8,560; (3) a third mortgage held by Egbert Perry of approximately $2,000 plus interest since June 4, 1991; (4) a judgment lien of $2,169 plus 9.17 percent interest from January 21, 1986; (5) a judgment lien of $347.22 plus 12 percent interest from May 31, 1989; and (6) a judgment lien of $996.60 plus 12 percent interest from November 17, 1987.

present case, there is no dispute that Georgia law applies. For the reasons set forth hereinafter, the court finds and concludes that defendant Anderson has not complied with the requirements of Georgia law.

The Georgia notice statute, codified as O.C.G.A. §§ 44–14–162 et seq., requires that notice of the intention to exercise the power of sale in a security deed on residential property be given to the debtor by the secured creditor no later than fifteen days before the date of the proposed foreclosure sale. The notice must be in writing and be sent by certified mail to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

■■■ "Debtor" is defined as

the grantor of the ... security deed.... In the event the property encumbered by the ... security deed ... has been transferred or conveyed by the original debtor, the term "debtor" shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice[.]

O.C.G.A. § 44–14–162.1. The notice requirement, being in derogation of the common law, is strictly construed. See Breitzman v. Heritage Bank, 180 Ga.App. 171, 348 S.E.2d 713 (1986). Only the debtor is entitled to the notice required by this statute. The notice is complete upon mailing to the address of record with the creditor and the debtor's actual receipt of the notice is immaterial. McCollum v. Pope, 261 Ga. 835, 411 S.E.2d 874 (1992).

The evidence establishes that Fleet advertised and gave notice for an April 7, 1992, foreclosure sale as required by its documents and Georgia law. Plaintiff was not a grantor in the security deed and has no personal liability on the promissory note. There is no evidence that plaintiff had been identified to or acknowledged by Fleet as owner of the subject property prior to the foreclosure sale.

■■■ Fleet, however, did not conduct a foreclosure sale. Rather, it agreed to assign its note and security deed to Anderson. Under Georgia law, an assignee of the original grantor in a security deed may exercise the power of sale contained in such security deed. O.C.G.A. § 23–2–114; Allen v. Wade, 203 Ga. 753, 755, 48 S.E.2d 538 (1948); Williams v. Joel, 89 Ga.App. 329, 79 S.E.2d 401 (1953). A sale by an assignee, absent evidence of conduct which materially impacted the sale in a negative manner, is not sufficient to support a challenge to a foreclosure pursuant to a power of sale. Scroggins v. Harper, 138 Ga.App. 783, 227 S.E.2d 513 (1976). Georgia law requires that "[a]ll transfers of deeds to secure debt shall be in writing; shall be signed by the grantor or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A. § 44–14–64.[2]

In the present case, the evidence establishes that there was no assignment of the Fleet security deed prior to the foreclosure sale. While Anderson contends that plaintiff Exhibit "3" was an assignment, the document does not support his position. The handwritten agreement specifically states that Fleet "agrees to assign its interest" but does not contain language of conveyance. While the last sentence of the text states that "Said assignment is made without recourse," it is, at best, ambiguous. No evidence was presented to explain the ambiguity. Further, this purported assignment clearly was not executed with the same formality as the original deed containing the power of sale. Moreover, plaintiff Exhibit "3" was executed by Fleet's counsel, and no evidence was presented to establish any authority of counsel to transfer and assign Fleet's interest in the security deed.

■■■ The parties stipulated to the admission of a typed "Transfer and Assignment" from Fleet to Anderson. Plaintiff Exhibit "2". This document was executed by appropriate officers of Fleet and with the same formality as the security deed. While this assignment is dated April 7, 1992, Anderson offered no evidence concerning its execution and delivery. In the absence of any such

**2.** See O.C.G.A. §§ 44–14–33 and 44–14–61.

evidence, the court reasonable infers that the transfer and assignment, evidenced by Plaintiff's Exhibit "2", was not executed or delivered until some date later than April 7, 1992.

■ Therefore, the court finds and concludes that the subject note and security deed were not actually assigned to Anderson at the time of the foreclosure sale. Common sense suggests that an assignee of a note and security deed cannot foreclose upon the security until there has been an actual assignment. Since Anderson had no assignment of the Fleet note and security deed, his foreclosure of the subject property is null and void.

■ Even if there was a valid assignment of the note and security deed, Anderson's foreclosure sale must be set aside. Georgia law requires a foreclosing party exercising a power of sale " . . . to advertise and sell the property according to the terms of the instrument" and to conduct the sale in good faith. *Kennedy v. Gwinnett Commercial Bank,* 155 Ga.App. 327, 330, 270 S.E.2d 867 (1980) (quoting *Giordano v. Stubbs,* 228 Ga. 75, 78, 184 S.E.2d 165 (1971)). In *Miller Grading Contractors, Inc. v. Georgia Federal Sav. & Loan Ass'n,* 247 Ga. 730, 279 S.E.2d 442 (1981), the Georgia Supreme Court held that:

> [i]nadequacy of price paid upon the sale of property under power will not itself and standing alone be sufficient reason for setting aside the [foreclosure] sale. It is only when the price is grossly inadequate and the sale is accompanied by either fraud, mistake, surprise, or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity.

*Id.* 247 Ga. at 730, 279 S.E.2d 442 (quoting *Giordano,* 228 Ga. at 79, 184 S.E.2d 165). Further, while not every irregularity or deficiency provides a basis for voiding a foreclosure sale under power, "[t]he crucial point of the inquiry . . . is to insure that the sale was not chilled and the price bid was in fact market value." *Stripling v. Farmers & Merchants·Bank,* 175 Ga.App. 75, 76, 332 S.E.2d 373 (1985); *see also Shantha v. West Ga. Nat'l Bank,* 145 Ga.App. 712, 244 S.E.2d 643 (1978).

In the present case, Fleet advertised for foreclosure in compliance with the terms of the Fleet note and security deed and Georgia foreclosure law. As stated above, however, Fleet agreed to assign its note and security deed to Anderson and did not conduct the foreclosure sale. After entering into the agreement with Fleet, Anderson left the courthouse, went to his attorney McCalla, and directed him to foreclose. Whereupon, McCalla returned to the courthouse and conducted a foreclosure sale for Anderson.

This foreclosure was conducted by a party and an attorney who did not advertise for foreclosure and gave no notice to anyone prior to foreclosure. As such, the circumstances surrounding the foreclosure sale effectively prevented the borrower, plaintiff, or anyone else, from reaching McCalla or Anderson, obtaining information concerning the foreclosure, or attending the foreclosure sale. Even a call to Fleet or its counsel could not have produced this information. The result clearly had a chilling effect on the bidding process at the foreclosure sale. It is difficult to imagine a situation more chilling to a sale.

■ Lastly, McCalla testified that he bid $8,560 for the property on behalf of Anderson. This testimony is supported by the attorney's "Memorandum of Sale," which was stipulated into the record as Anderson's Exhibit "2". This evidence establishes that the property was purchased at the foreclosure sale by defendant Knute A. Anderson. However, the "Deed Under Power of Sale," reflects that said property was purchased at the foreclosure sale by "Tom Anderson as Trustee for Darrah Drive Trust." Plaintiff's Exhibit "5". The attorney's memorandum of sale and his testimony contradict the recitals of the deed under power. There is no evidence of any participation in the foreclosure by Tom Anderson.[3]

---

3. While the Deed under Power of Sale is made to Tom Anderson as Trustee for Darrah Drive Trust, he is not a party to this action.

The court finds and concludes, therefore, that Anderson's foreclosure deed under power of sale does not conform to the foreclosure sale as conducted by his attorney.

For these reasons, the court concludes that Anderson's sale does not comply with the Georgia foreclosure laws and should therefore be avoided and set aside. Accordingly, it is

**ORDERED** that judgment is **granted** in favor of plaintiff, Deborah C. Cummings, and against defendant, Knute A. Anderson. The foreclosure sale and foreclosure "Deed under Power of Sale" executed by Knute Anderson as attorney-in-fact for John Henry Cummings to Tom Anderson as Trustee for Darrah Drive Trust dated April 8, 1992, is null and void.

IT IS SO ORDERED.