A11A1165, A11A1166. AMIRFAZLI v. VATACS GROUP, INC.;
and vice versa.
(716 SE2d 523)

MCFADDEN, Judge.

These appeals arise out of a nonjudicial foreclosure sale under power. Mohammed Amirfazli ("the debtor") sued VATACS Group, Inc. ("the secured creditor") to set aside the foreclosure sale, alleging fraud, bad faith, and unjust enrichment. Both parties moved for summary judgment, and the trial court set aside the foreclosure after concluding that, as a matter of law, the sale did not comply with advertising requirements. It then held a bench trial regarding outstanding amounts owed by the debtor on the underlying promissory note. Based on the evidence presented, the trial court entered judgment for the secured creditor in the amount of $63,096.32.

In Case No. A11A1166, the secured creditor appeals from the trial court's summary judgment order setting aside the foreclosure sale. It argues that the sale was conducted fairly and complied with Georgia law. The debtor appeals in Case No. A11A1165, challenging the money judgment entered following the bench trial. He claims that the trial court erred in refusing to consider his fraud claim, improperly found him liable for property taxes and interest on those taxes, and erred in awarding the secured creditor interest on the promissory note. Because questions of fact remain regarding the fairness of the foreclosure sale, we agree that the trial court erred in setting aside the sale on summary judgment. Accordingly, we reverse the judgment in Case No. A11A1166. Moreover, because the final money judgment in Case No. A11A1165 was entered in reliance on the order setting aside the foreclosure, it must be vacated.

*Case No. A11A1166*

1. The debtor argues that we should dismiss the secured creditor's appeal for failure to comply with Court of Appeals Rule 25,

which requires an appellant to support its claims of error with record citations. He notes that the secured creditor's brief contains record references, but that they do not correspond to the record in Case No. A11A1165. In its notice of appeal, however, the secured creditor clearly stated that it would submit a record appendix pursuant to Supreme Court Rule 67 and Court of Appeals Rule 17. The references in the secured creditor's brief are supported by that record appendix. Dismissal is not warranted.

2. Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. See *Bassett v. Jasper Banking Co.*, 278 Ga. App. 698, 699 (629 SE2d 434) (2006).

Viewed in this manner, the record shows that in December 1992, the debtor purchased land in Gwinnett County with financing from First Capital Bank f/k/a Central Gwinnett Bank ("the bank"). As security, the debtor granted the bank a deed to secure debt in the property. The debtor refinanced the loan in February 1997, giving the bank a promissory note secured by the original deed to secure debt. His business partner guaranteed the indebtedness.

The debtor missed payments in March and April 1997, and the bank wrote him and his partner on April 17, 1997, informing them that they needed to pay the past due amounts. Payment, however, was not received. On May 6, 1997, the bank again wrote the partners, declaring the loan in default, accelerating the indebtedness, and demanding immediate payment within ten days. The letter included a Notice of Sale Under Power and indicated that absent payment, the property securing the note would be sold at an upcoming foreclosure sale.

The Notice, which identified the bank as the foreclosing party, ran in the Gwinnett Daily Post on May 9, May 16, May 23, and May 30, 1997. On May 19, 1997, in the midst of this advertising period, the bank sold and assigned the indebtedness to VATACS, the secured creditor that is a party to this appeal. An assignment document referencing the secured creditor and the security deed was filed with the clerk of the Gwinnett County Superior Court on May 30, 1997.

The secured creditor conducted the advertised foreclosure sale on June 3, 1997, bid on the property itself, and purchased it for $61,100. A few days later, the debtor sued the secured creditor to set aside the foreclosure, asserting that the sale was not conducted in good faith, was infected by fraud, and resulted in a price significantly lower than the property's fair market value. Apparently, however, no written order was entered in that case for five years, and the

complaint was dismissed by operation of law. See OCGA § 9-2-60 (b). The debtor filed the instant action within the six month renewal period following the dismissal. See OCGA §§ 9-2-60 (c); 9-11-41 (e).

The parties subsequently filed cross-motions for summary judgment. Addressing the foreclosure issue, the trial court determined that the foreclosure proceedings were fatally flawed because the two advertisements published after the assignment to the secured creditor listed the bank — rather than the secured creditor — as the foreclosing party. It thus set aside the foreclosure sale.

It is true that "[i]f a notice or advertisement of a foreclosure sale under power does not substantially meet the legal requirements, the sale should be set aside." *Williams v. South Central Farm Credit*, 215 Ga. App. 740, 742 (2) (452 SE2d 148) (1994). To void a sale, however, irregularities or errors in the advertisement must chill the price bid for the property. Id. "Errors that would not confuse the bidding intentions of any potential bidder of sufficient mental capacity to enter a binding contract for the sale of the real property do not show a chilling of the sale so that a fair market value bid was not obtained." Id.

The trial court found that the sale in this case was chilled as a matter of law because the May 23 and May 30 advertisements inaccurately identified the bank as the foreclosing party. To support this conclusion, it cited *Cummings v. Anderson*, 173 B. R. 959 (Bankr. N.D. Ga. 1994), aff'd, 112 F3d 1172 (11th Cir. 1997), a bankruptcy court decision from the Northern District of Georgia. But *Cummings* is distinguishable on its facts, and we therefore decline to follow it. There, a creditor accelerated the indebtedness remaining on a promissory note following default and advertised the property for a foreclosure sale. On the day of the sale, the creditor assigned the indebtedness to a third individual, who conducted the sale and ultimately purchased the property.

The bankruptcy court in *Cummings* set aside the foreclosure sale, finding numerous problems with the proceedings. Among other things, it determined that the advertising for the sale was inadequate, given the last-minute assignment. As explained by the court, the foreclosure "was conducted by a party and an attorney who did not advertise for foreclosure and gave no notice to anyone prior to foreclosure." *Cummings*, supra at 963. The court concluded that these circumstances chilled the bidding process by "effectively prevent[ing] the borrower, plaintiff, or anyone else, from reaching [the party conducting the sale], obtaining information concerning the foreclosure, or attending the foreclosure sale." Id.

Relying on *Cummings*, the trial court determined that potential bidders were led to believe that the bank was the foreclosing lender in this case and thus "had no way to either contact [the secured

creditor] about the impending foreclosure or appear at the [secured creditor's] foreclosure sale." Unlike in *Cummings*, however, the evidence demonstrates that interested bidders and parties had notice of the secured creditor's involvement, despite the advertising error. The debtor testified that he and his partner knew about the assignment before the foreclosure sale. Moreover, the assignment document recorded in Gwinnett County on May 30, 1997, informed the public that the bank had transferred the indebtedness to the secured creditor. See, e.g., *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300, 302 (1) (477 SE2d 565) (1996) ("[I]n the absence of fraud, a deed which, on its face, complies with all statutory requirements is entitled to be recorded, and once accepted and filed with the clerk of court for record, provides constructive notice to the world of its existence."). Although the filing occurred only four days before the sale, some notice was given.

The dispositive question is whether the secured creditor exercised the power of sale "fairly and in good faith." *Aikens v. Wagner*, 231 Ga. App. 178, 180 (2) (498 SE2d 766) (1998). The May 19 and May 30 advertisements contained inaccurate information regarding the foreclosing party. But other evidence shows that interested persons had at least constructive notice of the proper party prior to the sale. So the record does not demonstrate that, as a matter of law, the bidding was chilled or the sale was unfair; and the trial court erred in setting aside the foreclosure sale on summary judgment.

We cannot agree with the secured creditor, however, that *it* was entitled to summary judgment regarding the validity of the foreclosure sale. As noted above, the secured creditor did not file the assignment document until four days before the sale. Moreover, it has pointed to no evidence conclusively showing that, as a matter of law, the misinformation in the advertisement did *not* impact the bidding or that the sale was otherwise conducted fairly and in good faith. Simply put, questions of fact remain as to the sale's validity. Accordingly, we reverse the judgment in Case No. A11A1166 and remand for further proceedings on the foreclosure issue. See *Aikens*, supra at 181 (factual issues remained as to whether foreclosure sale should be set aside).

### Case No. A11A1165

3. In his appeal, the debtor challenges the money judgment entered for the secured creditor on the promissory note. Given our decision in Division 2, we agree that the money judgment cannot stand.

The trial court addressed the issue of taxes and amounts owed under the promissory note solely because it set aside the foreclosure

sale, invalidated the foreclosure deed, and reinstated the note. Had it left the foreclosure sale in place, the court would not have addressed these issues. Accordingly, because we reversed the order setting aside the foreclosure sale in Case No. A11A1166, we must vacate the money judgment entered for the secured creditor. In so doing, we express no opinion on the merits of the debtor's enumerated errors regarding the money judgment. We find only that because factual issues remain as to the validity of the foreclosure sale, the money judgment must be vacated. See *Bassett*, supra at 702 (2) (vacating ruling that depended on trial court finding that was reversed on appeal).

4. Finally, the debtor argues that the trial court erred in refusing to consider his fraud claim, which the court found to be insufficiently pled. Pretermitting whether any error occurred, we note that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). Absent a pretrial order, the right to amend ends only when trial begins. *Nelson v. Zant*, 261 Ga. 358, 359 (2) (405 SE2d 250) (1991).

The record shows that the trial court entered a pretrial order in this case. The secured creditor, however, objected to the order, and the trial court sustained the objection after finding that the order "as entered, is inconsistent, unclear and not properly adjusted to the pleadings and/or the Order on Summary Judgment." At this point, therefore, no pretrial order exists. And although a trial was held, we are vacating the resulting judgment and remanding for new proceedings on the foreclosure and promissory note issues.

Under these circumstances, the debtor has the right to amend his complaint in accordance with OCGA § 9-11-15 (a), and he may cure any deficiencies in his fraud allegations. See *Kace Investments v. Hull*, 278 Ga. App. 477, 482 (1) (a) (629 SE2d 26) (2006) (broad right to amend may not be exercised "after a case has been tried and a judgment rendered therein *which has not been set aside or vacated*") (punctuation omitted; emphasis supplied); see also OCGA § 9-11-15 (c) (when a claim asserted through an amended pleading "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading"); *Cochran Mill Assocs. v. Stephens*, 286 Ga. App. 241, 248-249 (3) (648 SE2d 764) (2007) (claim added through amendment to renewal complaint relates back to original action).

*Judgment vacated in Case No. A11A1165. Judgment reversed in Case No. A11A1166. Phipps, P. J., and Andrews, J., concur.*

476

DECIDED JULY 21, 2011 —
RECONSIDERATION DENIED AUGUST 24, 2011 — 

*Amelia T. Phillips*, for appellant.
*Stevens & Stevens, Ronald S. Stevens, Andrew M. Stevens*, for appellee.